# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GABRIEL JURADO,  )
 )
      Petitioner,  )  2: 08-cv-0508-KJD-LRL
 )
vs.  )
 )  **ORDER**
BRIAN WILLIAMS, *et al.*,  )
 )
      Respondents.  )
 /

        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The petition was received by this court on April 22, 2008. (Docket #1.) On September 3, 2008, respondents filed a motion to dismiss. (Docket #11.) On June 25, 2009, the court entered an order granting in part and denying in part respondents' motion to dismiss. (Docket #46.) Specifically, the court dismissed grounds one, three, five, and six, and ordered respondents to file a response to grounds two and four. (*Id*.) The case is now before the court for resolution of those two remaining grounds for relief.

**PROCEDURAL HISTORY**

The procedural history of this case is set forth in the court's order of June 25, 2009. (Docket #46.)

**LEGAL STANDARDS**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Ground Two

In ground two petitioner contends that his sixth and fourteenth amendment rights were violated when he was precluded from cross-examining a witness used against him. Specifically, he complains that he was not provided with the names of the confidential informants used against him at his preliminary hearing. This court found in the order resolving respondents' motion to dismiss that petitioner is claiming that his plea was coerced and rendered involuntary due to this failure. (Docket #46, p. 7.)

Typically, the entry of a guilty plea precludes a defendant from later challenging pre-plea constitutional violations in a federal habeas corpus petition. *Tollet v. Henderson*, 411 U.S. 258, 266-67 (1973); *see also, Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir.1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations."). By pleading guilty, a defendant waives the right to a jury trial, to confront one's accusers, to compel the attendance of witnesses, and generally to

challenge the evidence that he committed the offense. *See, Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969) Such a petitioner may only contend that his guilty plea was not voluntary and intelligent (*see e.g., Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985); *Boykin v. Alabama*, 395 U.S. at 242-43, 89 S.Ct. at 1711-12 ) or challenge the assistance of counsel under the Sixth Amendment. *See, e.g., McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970); *Tollett*, 411 U.S. at 267, 93 S.Ct. at 1608; *Hudson*, 760 F.2d at 1030.

A plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent." *Brady v. United States*, 397 U.S. 742, 748 (1970). In determining whether a plea was knowingly, voluntarily and intelligently made, a reviewing court must accord a strong presumption of verity to the declarations made by a defendant in open court. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "[R]epresentations [made by] the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id*. at 73-74. Furthermore, Petitioner's allegations of a coerced plea must be specific and point to a real possibility of a constitutional violation. "[S]ubsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id*. at 74, *citing Machibroda v. United States*, 368 U.S. 487, 495-496 (1962); *Price v. Johnston*, 334 U.S. 266, 286-287 (1948).

In addressing the issue of the trial court's denial of a motion to dismiss based on the failure to reveal the confidential informant, the Nevada Supreme Court held as follows:

> NRS 49.335 permits the State to refuse to disclose the identify of a confidential informant.  However, the statutory right to refuse disclosure is not unlimited, and the district court shall dismiss the proceedings based on the State's refusal to disclose the identity of a confidential informant where there is "a reasonable probability that the informer can give testimony necessary to a fair determination of the issue of guilt or innocence."   [fn. 3 – NRS 49.365.] In considering whether dismissal is appropriate based on the State's refusal to disclose, this court has recognized that "[t]he identify of an informant need not be disclosed where he is not a material witness, because he can neither supply information constituting a defense nor rebut a necessary element of an offense." [fn 4 – <u>Sheriff v. Vasile</u>, 96 Nev. 5, 8, 604 P.2d 809, 810 (1980).]
>
> In this case, the State refused to disclose the identities of two of the confidential

> informants because they were part of an ongoing investigation, and there was some concern for the personal safety of one of the informants. We conclude that dismissal of the case was not warranted based on the State's failure to disclose because the two confidential informants were not material witnesses. Both informants merely provided law enforcement with information that Jurado was engaged in a drug trafficking operation. [fn.5 – Cf. State v. Stiglitz, 94 Nev. 158, 161, 576 P.2d 746, 748 (1978) (confidential informant not material witness where merely supplied police with knowledge of defendant's illegal operation and had no direct involvement in the actual illegal transaction giving rise to the criminal charges).] and neither informant had knowledge that Jurado could use in establishing a defense nor could they provide testimony rebutting a necessary element of charged offenses. [fn6 – Cf. Vasile, 96 Nev. At 8, 609 P.2d at 810-11 (confidential informant was material witness where he personally observed defendant engaged in drug transaction at issue).] Accordingly, we conclude that district court did not err in denying the motion to dismiss.

Exhibit 21T at 2-3.

Petitioner's counsel filed a motion to dismiss for failure to disclose the identity of the confidential informant fourteen days before trial, which resulted in the trial being rescheduled. Petitioner complains that the State did not disclose the confidential informant until the September 8, 2004 hearing on the motion to dismiss, well after the original July 26, 2004 trial date.

As respondents argue, petitioner provides no basis for concluding his plea was involuntary based on the date his counsel filed the motion to dismiss. The court did not deny the motion to dismiss based on the date that it was filed. Rather, the court continued the trial in accordance with an agreement of the parties in order to provide a hearing on the motion to dismiss. (Exhibit 7T, p. 2-3.) Although petitioner alleges that the court's decision in denying the motion to dismiss was erroneous, he fails to explain how the decision had any impact on his decision to plead guilty. Petitioner's claim that he was denied the right to cross-examine the "material witness" at the preliminary hearing and trial is similarly meritless. The Nevada Supreme Court agreed with the trial court that the witness in question was not a material witness. (Exhibit 21T, p. 3.) Petitioner has not shown that finding to be erroneous. Further, because there was no trial in this matter, the right to cross-examine the confidential informant did not materialize.

Based on the foregoing, this court finds that petitioner has failed to carry his burden of demonstrating that the Nevada Supreme Court's adjudication of the petitioner's claim that the district court erred in denying the motion to dismiss "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).   To the extent that petitioner relatedly contends that the failure to reveal the identify of the confidential informant rendered his plea involuntary, this argument is unpersuasive. Petitioner did not enter his guilty plea until after the disclosure of the confidential informant at the hearing on the motion to dismiss.   The court thus concludes that ground two presents no basis for habeas corpus relief.

<u>Ground Four</u>

In ground four of his habeas corpus petition, petitioner contends that his sixth and fourteenth amendment rights to effective assistance of counsel were violated.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. *Id*. at 688; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).  Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different. *Strickland*,  466 U.S. at 694.

In the context of a guilty plea, a petitioner must show that (1) his counsel failed to provide reasonable competent advice, and that (2) there is a reasonable probability that, but for

6

1 counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v.*
2 *Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366 (1985). Judicial scrutiny of counsel's performance is
3 highly deferential. A court indulges a strong presumption that counsel's conduct falls within the
4 wide range of reasonable professional assistance. *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052,
5 2064 (1984); *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir.1994).

6 Ineffective assistance of counsel claims are analyzed under the "unreasonable
7 application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000). *Weighall v. Middle*, 215 F.3d 1058,
8 1062 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ
9 if the state court identifies the correct governing legal principle from [United States Supreme Court]
10 decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529
11 U.S. at 413. The habeas corpus applicant bears the burden to show that the state court applied
12 United States Supreme Court precedent in an objectively unreasonable manner. *Price v. Vincent*,
13 538 U.S. 634, 640 (2003).

14 In the present case, petitioner claims that his plea was coerced through the actions of
15 the State and defense counsel, and that he agreed to plead guilty after a series of shortcomings by his
16 counsel left him no other choice. Petitioner lists as defense counsel's shortcomings failure to
17 investigate, failure to prepare for trial, failure to file pre-trial motions and failure to consult and
18 coercion. He alleges that the combined effects of these deficiencies caused him to plead guilty out of
19 fear of spending the rest of his life in prison.

20 The best evidence of a criminal defendant's understanding when pleading guilty is
21 found in the transcript of the plea colloquy. *U.S. v. Jimenez - Dominguez*, 296 F.3d 863, 869 (9th Cir.
22 2002). Here, the trial court thoroughly canvassed petitioner regarding his opinion of counsel's
23 actions. Exhibit 13T. Petitioner acknowledged his satisfaction with his attorney's ability to
24 represent him in the proceedings. *Id.* at 20, 36. He acknowledged on the record that there was
25 nothing his attorney could have done that would have caused him not to plead guilty. *Id.* at 20, 36.
26 Finally, he responded that no one threatened him to enter the guilty plea, and that he entered the plea

freely and voluntarily. *Id*. at 15, 28. As respondents argue, petitioner's statements during the change of plea hearing belie his claims.

Petitioner contends that counsel was ineffective for failing to investigate in regard to the case in which he pleaded guilty. He complains that counsel filed no pretrial motions, did not discover the identity of "the percipient witness," did no interviews of relevant witnesses, formed no defense strategy, and waited until the eleventh hour to file the motion to dismiss. Respondents dispute this contention. In addressing the contention, the Nevada Supreme Court held as follows:

> First, appellant claimed that his guilty plea was invalid because his trial counsel failed to personally interview or have an investigator interview critical witnesses in preparation of the defense. Specifically, appellant claimed that in the trafficking case trial counsel failed to interview: (1) Lori Jock and ascertain her propensity to lie and her use of drugs; (2) Craig Jock and ascertain Lori Jock's untrustworthiness due to her extensive drug problem; (3) Larry Jacobs and ascertain Lori Jock's drug problem and deceptive behavior; (4) Michelle Smith and ascertain Lori Jock's drug history; and (5) Detective Andy Rorex and ascertain that Lori Jock had previously made a false allegation of sexual assault against appellant.
> Based upon our review of the record on appeal, we conclude that appellant failed to carry his burden of demonstrating that his guilty plea was invalid and failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. During the plea canvass, appellant was specifically asked if he was satisfied with trial counsel's investigation of the facts and if trial counsel followed through with any requests that appellant may have had with respect to interviewing any potential witnesses or investigating any other facts important to the case; appellant answered in the affirmative. Notably, during a hearing on a motion to dismiss and motion to suppress evidence, Michelle Smith testified about Lori Jock's drug usage while she was a confidential informant and Detective Rorex testified about Lori Jock's prior unfounded allegation of sexual assault. Appellant failed to indicate what further information would have been gathered in interviews with these witnesses that would have had a reasonable probability of a different outcome. Appellant received a substantial benefit by entry of his guilty plea. In exchange for his guilty plea to one count of level 3 trafficking and five counts of ex-felon in possession of a firearm, the State agreed to dismiss the charges of solicitation to commit murder [footnote 8], one count of possession of a controlled substance for purpose of sale (marijuana), and fifteen counts of ex-felon in possession of a firearm. Additionally, no charges were filed concerning Elko County's pending investigation of appellant, and the State agreed to not pursue habitual criminal adjudication. Finally, the State agreed that the sentences between the trafficking case and the firearm case should run concurrently with one another. Thus, appellant substantially limited his liability in the instant cases. Therefore, we conclude that the district court did not err in denying this claim.
>
> Footnote 8: Lori Jock, one of the confidential informants in the trafficking case, was the target of the solicitation to commit murder offense.

Exhibit 32T, p. 3 -5.  As found by the Nevada Supreme Court, petitioner fails to demonstrate prejudice from any of the alleged shortcomings of counsel.  Under *Strickland*, this lack of prejudice renders petitioner's allegations insufficient to support a claim of ineffective assistance of counsel. Petitioner has thus failed to carry his burden of demonstrating that the Nevada Supreme Court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding, as required for habeas corpus relief on this ineffectiveness claim under 28 U.S.C. § 2254(d)

Petitioner contends that counsel was ineffective for failing to investigate the solicitation of murder charge, and  for failing to file a motion to dismiss that charge.  Respondents dispute these contentions.  In addressing them, the Nevada Supreme Court held as follows:

> [A]ppellant claimed that his guilty plea was invalid because his trial counsel failed to investigate the solicitation to commit murder case. [Footnote 9.] Appellant claimed that he entered his guilty plea in the trafficking case and the firearms case because of the solicitation charge.  Appellant claimed that if his trial counsel had personally interviewed JB Wilks, an inmate who witnessed appellant's conversations with James Hilton (the inmate appellant was alleged to have solicited to commit murder), trial counsel would have discovered that it was Hamilton that approached appellant and that appellant's rights were violated because Hamilton was an agent of the State and wired with audio surveillance equipment during at least one conversation with appellant.
>
> Based on our review of the record on appeal, we conclude that appellant failed to carry his burden of demonstrating that his guilty plea was invalid in this regard and that his trial counsel's performance was deficient or that he was prejudiced.  During the plea canvass, appellant was asked it he was satisfied with his trial counsel's investigation, and appellant answered in the affirmative. Because the solicitation to commit murder case was dismissed pursuant to appellant's guilty plea, trial counsel was not deficient for failing to further investigate the solicitation to commit murder case.  The transcript in the solicitation to commit murder case that appellant attached to this petition indicated that trial counsel was in the process of investigating JB Wilks.  Appellant failed to demonstrate that the solicitation to commit murder case would have been dismissed had trial counsel pursued a motion to dismiss because appellant failed to demonstrate that such a motion would have been meritorious. Finally, as stated above, appellant received a substantial benefit by entry of his guilty plea.  Therefore, we conclude that the district court did not err in denying this claim.
>
> Footnote 9: Because the solicitation to commit murder case was dismissed, appellant cannot litigate any claims that his counsel was ineffective in the solicitation to commit murder case.  These claims are reviewed only to the extent that appellant claimed they effected the representation in the trafficking case.

9

Exhibit 32T at 5-6.

Petitioner persists in his claim that an investigation of inmate J. B. Wilks would have established that petitioner did not solicit the murder. He does not, however, address the Nevada Supreme Court's finding that he did not establish that a motion to dismiss would have been granted. Petitioner therefore does not meet his burden under 28 U.S.C. § 2254(d).

Petitioner also contends that counsel was ineffective for failing to prepare for trial on the solicitation of murder charge, claiming that he had requested a speedy trial at the preliminary hearing. The Nevada Supreme Court rejected this contention as follows:

> Fifth, appellant claimed that his trial counsel was ineffective for being unprepared in the solicitation to commit murder case and requesting a continuance in that case, which violated his speed trial rights in that case. Appellant further claimed that he wanted to go to trial first on the solicitation to commit murder case, then the firearms case, and then the trafficking case. However, because trial counsel was not prepared in the solicitation to commit murder case and because trial counsel requested a remand for a new preliminary hearing in the firearms case, appellant had to face the charges in the trafficking case first. Appellant argued that the solicitation to commit murder case and the firearms case were weaker cases used a leverage against him the trafficking case.
> Based upon our review of the record on appeal, we conclude that appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant agreed to the continuance in the solicitation to commit murder case. Appellant failed to demonstrate that trial counsel's level of preparation was unreasonable in the solicitation to commit murder case and influenced appellant's guilty plea in the trafficking case. Further, trial counsel's decision to proceed on the trafficking case first was a tactical decision. Tactical decisions of counsel are virtually unchallengeable absent extraordinary circumstances, and appellant demonstrated no such extraordinary circumstances here. [Footnote omitted.] Appellant further failed to demonstrate that had trial counsel adopted appellant's strategy that there was a reasonable probability of a different outcome. Finally, appellant cannot complain that his speedy trial rights were violated in the solicitation to commit murder case as it was dismissed. Therefore, we conclude that the district court did not err in denying this claim.

Exhibit 32T, p. 8 - 9.

Although petitioner now persists in his claim that counsel was unprepared for trial on the solicitation of murder charge and thereby denied petitioner his right to a speedy trial, petitioner does not address the above finding that dismissal of the solicitation to commit murder mooted any speedy trial rights claim as to that case. This court finds, therefore, that petitioner has not met his burden under the AEDPA in regard to this contention.

1    Petitioner contends that counsel was ineffective because he failed to consult him and
2 further coerced him into pleading guilty.  Petitioner claims that he was placed in isolation for over
3 one hundred days with only one visit from counsel and very few phone calls.  He argues that counsel
4 had an affirmative duty to keep in contact with him concerning important issues and decisions in his
5 case.  Petitioner argues that the failure to counsel to consult with him about the case, combined with
6 the denial of the motion to dismiss and motion to suppress, left him in a no hope situation.  He
7 claims that counsel therefore concentrated on coercing petitioner into taking the proposed plea
8 bargain instead of offering any real defense on the serious charges against him.  He claims that but
9 for the willful errors of defense counsel, he would have insisted on going to trial.  In addressing these
10 issues, the Nevada Supreme Court held as follows:

> Third, appellant claimed that his guilty plea was invalid because his trial counsel failed to consult with appellant and gather information to assist in preparing a defense in the [sic] both the trafficking and solicitation cases.  Appellant failed to carry his burden of demonstrating that his guilty plea was invalid and that his trial counsel's performance was deficient or that he was prejudiced.  Appellant failed to demonstrate that he would not have entered a guilty plea had trial counsel consulted with appellant further. In his guilty plea agreement, appellant affirmatively indicated that he had discussed any possible defenses and circumstances that might be in his favor with his trial counsel.  During the guilty plea canvass, appellant indicated that there was nothing further that trial counsel could have done that would have changed his guilty plea decision.  Finally, the record on appeal indicates that trial counsel vigorously represented appellant during the trial proceedings in the instant case and filed a motion to dismiss and a motion to suppress evidence.  Again, appellant received a substantial benefit by entry of his guilty pleas, and appellant failed to demonstrate that further consultation would have had a reasonable probability of altering appellant's decision to enter a guilty plea.  Therefore, we conclude that the district court did not err in denying this claim.
>     Fourth, appellant claimed that his guilty plea was coerced by his trial counsel's lack of communication, failure to investigate and failure to file a motion to dismiss the solicitation to commit murder case.  Appellant further claimed that his guilty plea was coerced because he was housed in isolation for four months prior to his guilty plea and trial counsel visited him only one time and conversed with him only a few times on the telephone during this period.  Finally, appellant claimed that trial counsel coerced his guilty plea by informing him that he faced habitual criminal adjudication if he went to trial and lost.
>     Based upon our review of the record on appeal, we conclude that appellant failed to demonstrate that his guilty pleas were invalid.  Appellant failed to demonstrate that his guilty pleas were coerced.  As discussed earlier, appellant failed to demonstrate that trial counsel's failure to consult, investigate and file a motion to dismiss the solicitation case had a reasonable probability of altering his decision to enter guilty pleas in the trafficking and firearms cases.  During the plea canvass, appellant affirmatively indicated that he was not threatened into entering a guilty plea.

11

> The district court specifically canvassed appellant about the effect of his confinement on his decision to plead guilty, and appellant indicated that his confinement was not causing him to plead guilty. Finally, appellant faced the possibility of habitual criminal adjudication; thus, any advice regarding the possibility of habitual criminal adjudication was reasonable under the circumstances. Therefore, we conclude that the district court did not err in denying this claim.

Exhibit 32T at 6 - 8.

This court finds that petitioner in no way demonstrates that the decision of the Nevada Supreme Court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Although petitioner complains that counsel did not consult with him sufficiently, he does not explain what additional consultation would have accomplished. Petitioner alleges that counsel told him if he did not take the plea bargain he would possibly never get out of prison because he would likely be convicted on the gun and drug charges. He also alleges that counsel told him that he was likely to be adjudicated an habitual criminal. What petitioner does not state is how these statements of opinion by defense counsel amounted to coercion. The fact that petitioner did not like hearing these opinions did not make them coercive. The court thus concludes that petitioner's contention that counsel was ineffective because he failed to consult him and further coerced him into pleading guilty provides no basis for habeas corpus relief.

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DENIED.**  The Clerk of the Court is directed to enter judgment for respondents and to close this case.  All pending motions are denied as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

DATED:  May 28, 2010.

_____
UNITED STATES DISTRICT JUDGE